[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs in the above captioned matter have filed a motion to Reargue the defendant's motion for summary judgment (#131) which the court granted on 11/23/98. After reading and considering both the plaintiff's memorandum in support of this motion as well as the defendant's objection and memorandum in opposition thereto, this court concludes that the motion to reargue should be and is hereby denied.
The motion for summary judgment in question was assigned on the arguable short calendar and came before the court in the usual fashion. Where the opposing party fails to appear to offer oral argument and has filed no memorandum in opposition thereto, this court will routinely grant the motion after receiving a cursory explanation of the nature of the motion from the moving party so as to satisfy the court of the validity of the motion itself, concluding that the motion should be granted due the lack of diligence of the opposing party to defend against it. This is apparently what was done in this case.
After reviewing the materials offered in support of and in opposition to the motion to reargue, the basis of my routine ruling is confirmed. The motion for summary judgment was filed together with voluminous attachments on November 3, 1998 and assigned for argument on the Nov. 23rd calendar. In the interim defendant's legal secretary notified the plaintiffs' office on Nov. CT Page 63 19th that defendant intended to argue this motion. There is no evidence that the plaintiffs requested this matter to be marked over to another more convenient date. To the contrary, plaintiffs argue that had they been aware of the defendant's intent to argue the motion, they would have filed a brief in opposition and orally opposed the motion. The motion was presented and ruled upon on Nov. 23rd in the usual course of business and in the absence of the plaintiff's attorney. On Dec. 7, 1998, the plaintiffs filed their brief in opposition to the motion for summary judgment — some two weeks after the scheduled hearing took place. (It should be noted that the brief is dated "November 27, 1998" but the court date stamp states "Dec. 7, 1998" indicating the document was actually filed on Dec. 7, 1998.) Obviously, plaintiffs' position on this matter was not a matter of record on the date the motion was granted.
Finally, the plaintiffs argue that the defendant waived its right to file this motion because it failed to request permission to file its motion for summary judgment per P.B. sec 17-44. This section provided in part that where a case has been assigned for trial, the moving party must obtain court permission to file a motion for summary judgment. This court has checked the status of this case in the state-wide computer and found that on the date of the filing of the defendant's motion, the case had not been assigned for trial; that it would be at lease a year before this case would have even been eligible for assignment. This aspect of plaintiffs' explanation is patently without merit as motions for summary judgment may be filed at any time absent actual trial assignment. P.B. 17-44.
For all of the foregoing reasons this court declines to hear re-argument on this matter or to vacate its order granting the defendant's motion for summary judgment.
The plaintiffs have also suggested that it would be imprudent to grant summary judgments in the absence of a consideration of the merits of the claim. This court disagrees with this position especially where the aggrieved party had ample opportunity to present its position in opposition as was the case here. Nevertheless, in the interest of justice, and merely by way ofdicta, this court did review the plaintiff's brief in opposition and found it to be unmeritorious.
In analyzing the contacts and interests of the competing forums of Florida and Connecticut in the instant case, the CT Page 64 plaintiffs fail to factor into their analysis that Connecticut's UM/UIM statute limits its application and any resulting recovery to situations in which the policyholder is "legally entitled to recover damages" from the tortfeasor. CGS 38a-336. Consequently, with this rule of law factored in, it is clear that the interests favor the State of Florida with regard to which law should be applied. Defendant's analysis of the overall problem of the conflict of laws does factor this element in (see, pp 10-12 of defendant's brief in support of its motion) as well as its analysis of the controlling caselaw, Id. 3-9 persuades this court that had this matter been resolved on the merits, it would have been resolved in favor of applying Florida law precluding recovery under counts two, three and four.
MELVILLE, J.